# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40530
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXANDER ORTEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-68-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alexander Ortega appeals from his conviction of conspiracy to possess more than 50 grams of methamphetamine, possession with intent to distribute 5.1 kilograms of methamphetamine, conspiracy to import more than 50 grams of methamphetamine, and importation of 5.1 kilograms of methamphetamine. He argues that the district court committed reversible error by admitting the record of his prior border crossings into evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40530

"This court applies a highly deferential standard in reviewing a district court's evidentiary rulings, reversing only for abuse of discretion.  Even then, the error is not reversible unless the defendant was prejudiced." *United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003).  This court looks first at whether the extrinsic offense evidence is relevant to an issue other than the defendant's character and next looks at whether the evidence possesses probative value that is not substantially outweighed by its undue prejudice.  *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  The evidence must also satisfy the requirements of Federal Rule of Evidence 403.  *Id.*

The evidence of Ortega's prior border crossings was offered for an admissible purpose, namely, to show his knowledge of and familiarity with the Brownsville border crossing.  Moreover, Agent Jupe specifically admitted that the information was not evidence of any crime or proof that Ortega was involved in drug trafficking.  The evidence was probative of Ortega's knowing participation in the conspiracy because it would have made it easier for him to direct other, less knowledgeable individuals through the area.  Given the testimony provided by Ortega's coconspirators, it is unlikely that evidence of Ortega's purportedly innocent border crossings had any prejudicial impact on the jury.  As such, the district court did not abuse its discretion by admitting this evidence.  *Booker*, 334 F.3d at 411.  Accordingly, the judgment is AFFIRMED.